IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                                              NO. 12-CR-50015

JORGE ARMANDO MONTES-CONTRERAS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant's pro se 28 U.S.C. § 2255 motion (Doc. 19). The Government has filed a Response (Doc. 24), and the matter is now ripe for consideration. The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b). See Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows:

On March 7, 2012, a one count indictment was filed charging the Defendant with being an illegal alien who had illegally reentered this country after having been convicted of an aggravated felony, and previously removed or deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. 1.) On May 14, 2012, Defendant pled guilty to this charge. (Doc. 13.) In the written plea agreement, Defendant admitted to having been previously convicted of 2nd Degree Robbery and Street Terrorism. On September 25, 2012, Defendant was sentenced to 41 months imprisonment, no term of supervised release as deportation was anticipated, no fine, and a special assessment of $100.00. (Doc. 18.) Defendant did not appeal his conviction or sentence.

Defendant filed the motion now before the Court on August 21, 2013. In this motion, Defendant first argues that he should be resentenced "in light of the Government's January 31, 2012 memorandum regarding the Department's Policy on Early Disposition or 'Fast-Track' Programs." (Doc. 19 at pg. 1.) Defendant asserts that his sentence is unconstitutional due to the "disparity created by this district's lack of a fast-track program for disposing of illegal reentry cases." (Id. at pg. 4.)

The Government responds that Defendant's claims are procedurally defaulted because he failed to raise them on direct appeal. A defendant who has failed to raise a claim on direct appeal cannot raise it in a § 2255 motion without establishing both cause for the procedural default and actual prejudice resulting from the error. See Eagle v. United States, 742 F.3d 1078, 1081-1082 (8th Cir. 2014). A showing of ineffective assistance of counsel generally satisfies both cause and prejudice. See id. at pg. 1082. Defendant asserts that his counsel failed to raise fast-track "disparities as well as problems with guidelines in § 1326 offenses . . . in either the district court or the court of appeals." (Doc. 19 at pg. 3.) The undersigned will construe Defendant's assertion as alleging ineffective assistance of counsel and will assume, without deciding, that this establishes cause and prejudice excusing Defendant's procedural default.

Turning to the merits of Defendant's fast-track argument, upon motion of the Government, U.S.S.G. § 5K3.1 permits a downward departure of up to four levels pursuant to a fast-track program "authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." On January 31, 2012, Deputy

AO72A
(Rev. 8/82)

Attorney General James M. Cole issued a memorandum[1] to all United States Attorneys directing that all federal districts prosecuting felony illegal reentry cases under 8 U.S.C. § 1326, implement uniform fast-track programs by no later than March 1, 2012. In accordance with this directive, a fast-track program was implemented in the Western District of Arkansas, effective March 1, 2012. The program guidelines specifically state: "If an eligible defendant has been charged but has not ple[d] guilty as [of] March 1, 2012, the United States Attorney's Office will offer to include such defendant in the Fast Track Program." Defendant pled guilty on May 14, 2012, subsequent to the fast-track program becoming effective in this District on March 1, 2012. Thus, contrary to Defendant's assertion, the fast-track program was in place and available to Defendant if he satisfied the criteria for eligibility.

The Government asserts that it "exercised its discretion by not recommending [Defendant's] participation in the fast-track program based on his prior violent felony convictions for Second Degree Robbery and Street Terrorism." (Doc. 24 at pg. 10.) This District's fast-track program guidelines specifically provide that a Defendant is not eligible for the fast-track program if he has a prior violent or serious felony conviction, including a conviction for an offense covered by the enhancement contained in U.S.S.G. § 2L1.2(b)(a)(A). Defendant's prior convictions were for offenses that triggered the enhancement under this Guideline. (PSR ¶ 22.) Thus, Defendant was not eligible for the fast-track program.

Defendant also appears to challenge the use of his prior convictions to enhance both his offense level and his criminal history. This argument is without merit. See United States v.

---

[1] The Cole Memorandum is available at http://www.justice.gov/dag/fast-track-program.pdf.

Cazares-Gonzales, No. 05-4260, 2006 WL 1379625, at *1-2 (8th Cir. May 22, 2006) (consideration of prior conviction in calculating both defendant's criminal history and base level offense did not constitute improper double counting).

Based upon the foregoing, the undersigned recommends that Defendant's **28 U.S.C. § 2255 motion (Doc. 19)** be **DENIED** and **DISMISSED WITH PREJUDICE**. An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the undersigned's report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of July, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE